NOT FOR PUBLICATION

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
APPELLATE DIVISION**

|  |  |
|---|---|
| CARL SIMON,                          )<br>                                      )<br>            Appellant,                )   D.C. Civil App. No. 2003-24<br>                                      )<br>v.                                    )<br>                                      )<br>GOVERNMENT OF THE VIRGIN ISLANDS,     )<br>                                      )<br>            Appellee.                 )<br>_____) | |

On Appeal from the Superior Court of the Virgin Islands

Considered: February 24, 2006
Filed: September 4, 2007

**BEFORE: CURTIS V. GÓMEZ**, Chief Judge of the District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **DARRYL D. DONOHUE**, Judge of the Superior Court of the Virgin Islands, Sitting by designation.

**APPEARANCES:**

**Carl Simon**
  Wallens Ridge State Prison
  P.O. Box 759
  Unit A/Cell 201
  Big Stone Gap, VA 24219

**Carolyn P. Hermon-Percell, Esq.**
  St. Thomas, U.S.V.I.
  *For the Appellant*

**Gabriela M. Haley, AAG**
  St. Thomas, U.S.V.I.
  *For the Appellee.*

*Simon v. Gov't of the V.I.*
D.C. Civil App. No. 2003-24
Memorandum Opinion
Page 2

## MEMORANDUM OPINION

**PER CURIAM,**

Before the Court is the motion of Carl Simon's ["Simon"] attorney to withdraw as counsel because she finds no issues of appealable merit in the Superior Court's decision denying Simon's amended petition for a writ of habeas corpus.

### I. FACTS[1]

In September, 1993, Simon, James Roach ["Roach"], and a third individual broke into the St. John home of Elroy Connor ["Connor"]. Connor and a friend, Daniel Ezekiel ["Ezekiel"] arrived at the home while Roach and Simon were still in the house. Ezekiel confronted the three men, and during the ensuing struggle, was shot dead. Connor also wrestled with at least one of the intruders before taking a bag he had brought with him and fleeing. Roach and Simon were subsequently arrested for the murder.

In 1994, Roach was tried and convicted of first-degree murder in the United States District Court for the District of the Virgin Islands. He was sentenced to life imprisonment.

---

[1] These facts are taken largely from the Superior Court's opinion below. *Simon v. Gov't of the V.I.*, Misc. No. 2002-28, 2002 V.I. LEXIS 22 (V.I. July 18, 2002).

*Simon v. Gov't of the V.I.*
D.C. Civil App. No. 2003-24
Memorandum Opinion
Page 3

    The Government of the Virgin Islands brought charges against Simon. The Government originally charged Simon with first-degree murder and burglary. On January 10, 1995, during a pretrial conference more than two weeks before the scheduled trial date, the Government informed Simon and his counsel that it intended to amend the Information to include a robbery count. Simon's counsel did not object. On January 13, 1995, the Government sent Simon and his counsel a copy of an amended Information, which changed the premeditated murder count to felony murder, added a count of robbery, and left the burglary count unchanged. During jury selection, the trial court judge allowed and accepted the amended Information, over Simon's objections.

    During the trial, Roach, who had already been convicted in District Court, testified against Simon. Roach testified that he, Simon, and a third individual met on St. John on the night of the murder with the intent to burglarize Connor's house. He further testified that Simon shot Ezekiel, contradicting his testimony during his own trial. On cross-examination, Roach admitted he had lied at his trial about having known Simon, lied to an alibi witness, and was receiving

*Simon v. Gov't of the V.I.*
D.C. Civil App. No. 2003-24
Memorandum Opinion
Page 4

"protection" for his testimony against Simon. The jury subsequently convicted Simon of first-degree felony murder, first-degree robbery, third-degree burglary, and aiding and abetting. Simon was sentenced to life imprisonment.[2]

On January 30, 1995, Simon filed a *pro se* petition for a writ of habeas corpus with the Superior Court. He subsequently appealed his conviction to this Court in 1997, before the Superior Court ruled on his habeas petition. This Court denied his appeal and thereafter the Superior Court denied his *pro se* writ of habeas corpus. In October, 2001, Simon, with the aid of counsel, filed an amended petition for a writ of habeas corpus. He argued that the trial court had erred in allowing Roach to testify at his trial in a manner inconsistent with Roach's District Court testimony; that the trial court improperly instructed the jury as to aiding and abetting; that there was insufficient evidence to support his conviction; that the Government had conducted itself improperly during trial by vouching for their witness and by not correcting allegedly perjured testimony; and that the Government failed to turn over

---

[2] After he testified at Simon's trial, Roach's sentence was reduced to twenty-years on the motion of the United States, which cited his assistance during Simon's trial as a reason for the downward revision.

*Simon v. Gov't of the V.I.*
D.C. Civil App. No. 2003-24
Memorandum Opinion
Page 5

evidence that would have assisted Simon's defense. The Superior Court denied this petition in July, 2002.

In August, 2002, Simon appealed the Superior Court's decision denying his motion to amend his second amended petition for an emergency writ of habeas corpus and denying his amended petition for a writ of habeas corpus. This Court appointed Attorney C. Beth Moss to represent Simon in this appeal in December, 2003. In April, 2004, Attorney Moss filed a motion to withdraw as counsel and to dismiss the appeal as frivolous. *See Anders v. California*, 386 U.S. 738 (1976). Thereafter, Simon filed a motion for a change of counsel. In this motion, Simon raised issues that he claimed would present a meritorious appeal. Without deciding Attorney Moss' *Anders* motion, this Court granted Simon's motion for new counsel and appointed Attorney Carolyn P. Hermon-Percell to represent Simon in this appeal.

Like Attorney Moss, Attorney Hermon-Percell has filed a motion to withdraw as counsel for Simon and to dismiss the appeal as frivolous.

## II. DISCUSSION

This Court has jurisdiction to review final judgments and orders of the Superior Court of the Virgin Islands. *See* Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a; 4 V.I.C. § 33. This Court exercises plenary review over the trial court's

Simon v. Gov't of the V.I.
D.C. Civil App. No. 2003-24
Memorandum Opinion
Page 6

conclusions of law. *Saludes v. Ramos*, 744 F.2d 992 (3d Cir. 1984). Findings of fact are reviewed for whether they are clearly erroneous. *Anderson v. Bessemer City*, 470 U.S. 564, 575 (1985).

### III. ANALYSIS

As a preliminary matter, Virgin Islands Rule of Appellate Procedure 14(b) states that an appeal from the Superior Court's denial of a writ of habeas corpus "may not proceed unless the adjudicating judge of the Superior Court issues a certificate of probable cause."

It is not clear whether Simon sought such a certificate. However, the certificate of probable cause that must accompany an appeal from a denial of a writ of habeas corpus is not in the record.

### IV. CONCLUSION

Accordingly, for the reasons stated above, this Court will remand Simon's appeal to allow the Superior Court to determine whether a certificate of probable cause should issue pursuant to Virgin Islands Rule of Appellate Procedure 14(b).

An appropriate order follows.