DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
APPELLATE DIVISION

CARL SIMON,  )
             )
  *Appellant,* )
             )
  v.         )   D.C. Civ. App. No. 2003-24
             )   Sup. Ct. Misc. No. F28/2000
GOVERNMENT OF THE )
VIRGIN ISLANDS,  )
             )
  *Appellee.* )
             )

On Appeal from the Superior Court of the Virgin Islands

ATTORNEYS:

**Joseph A. DiRuzzo, III, Esq.**
Miami, FL
    Attorney for Appellant.

**Bernard M. VanSluytman, Esq.**
St. Thomas, U.S.V.I.
    Attorney for Appellee

**MEMORANDUM OPINION AND ORDER**

**Lewis, Chief Judge**

    THIS MATTER comes before the District Court of the Virgin Islands Appellate Division on the Motion for Release Pending Appeal filed by Appellant Carl Simon. (Dkt. No. 52). For the reasons that follow, the Motion will be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Following trial in January 1995, Appellant Carl Simon ("Simon") was convicted in the Virgin Islands Territorial Court of felony murder, in violation of 14 V.I.C. § 922(a)(2); robbery in the first degree, in violation of 14 V.I.C. § 1862(2); and burglary in the third degree, in violation of 14 V.I.C. § 444(1). Simon was sentenced to a term of life imprisonment without parole. The Appellate Division of the District Court of the Virgin Islands affirmed Simon's conviction in August 1997.[1]

In February 2000, Simon filed a petition for a writ of habeas corpus with the Territorial Court, which was denied in 2002. Simon appealed. Although Simon's counsel identified seven possible issues for appeal, he moved to withdraw as counsel pursuant to the procedures set forth in *Anders v. California*, 386 U.S. 738 (1967).[2]

In September 2007, the Appellate Division remanded the case to the Superior Court[3] to determine whether a Certificate of Probable Cause ("CPC") should issue. The Superior Court issued a CPC in October 2008, finding certain issues raised in Simon's petition for habeas corpus "deserving of consideration by the Appellate Division." *Simon v. Gov't of the V.I.*, 679 F.3d 109,

---

[1] Prior to the establishment of the Supreme Court of the Virgin Islands in 2007, appeals from the Territorial Court were heard by the District Court of the Virgin Islands Appellate Division in accordance with § 23A of the Revised Organic Act, 48 U.S.C. § 1613a, Act. No. 6687 § 4.

[2] "Under *Anders v. California*, 386 U.S. 738 (1967), counsel may seek to withdraw from representing an indigent criminal defendant on appeal if there are no nonfrivolous issues to appeal." *Simon v. Gov't of the V.I.*, 679 F.3d 109, 114 (3d Cir. 2012).

[3] On October 29, 2004, the Virgin Islands Legislature amended the applicable statute to provide that the Territorial Court of the Virgin Islands would be renamed the Superior Court of the Virgin Islands. *See* 2004 V.I. Sess. Laws 179 (Act No. 6687, § 1(b)) (amending 4 V.I.C. § 2 by substituting "Superior" in place of "Territorial" in the name of courts of local jurisdiction in the Virgin Islands).

115 (3d Cir. 2012). In August 2009, the Appellate Division affirmed the denial of the habeas petition based on the *Anders* brief submitted by Simon's counsel, and Simon appealed.

The Third Circuit issued a Certificate of Appealability, appointed counsel for Simon, and directed the parties to address whether the Appellate Division had erred in applying the *Anders* procedures in the context of Simon's post-conviction appeal. Subsequently, the Third Circuit found that the Appellate Division did not err in applying the *Anders* procedures in the habeas context. 679 F.3d at 115. The Third Circuit ruled, however, that the Appellate Division erred in finding counsel's *Anders* brief sufficient as a matter of law. The Court concluded that, in light of the CPC issued by the Superior Court, there were "nonfrivolous issues that the Appellate Division should have reviewed on the merits." *Id.* at 115-16. Accordingly, the Third Circuit vacated the Appellate Division's Order and remanded for full briefing and consideration on the merits. *Id.* at 116.

Following remand, Simon filed the instant Motion for Release Pending Appeal.

## **DISCUSSION**

In his Motion, Simon argues that he is entitled to release pending the Appellate Division's review of the Superior Court's denial of his habeas petition because he "meets the criteria established in 18 U.S.C. § 3143(b)."[4] (Dkt. No. 52. at 9). Simon asserts that he

---

[4] Section (b) of 18 U.S.C. § 3143, entitled "Release or detention of a defendant pending sentence or appeal," provides that, except if a person has been convicted of a crime of violence, an offense for which the maximum sentence is life imprisonment or death, or an offense for which the maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act, a judicial officer "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of

3

is not likely to flee the community as he is from the Virgin Islands, has ties to the Virgin Islands, and has never been alleged as a flight threat. Second, Simon is neither a danger to the community, nor pose[s] a danger to the safety of other persons. Simon has been a model prisoner during his incarceration at Golden Grove and other facilities. Further, given that nearly 20 years has elapsed since Simon has been in custody, the presumptive rehabilitation process has taken place.

*Id.* Simon goes on to argue that his appeal is not for purposes of delay and raises substantial questions of law and fact, given that the Superior Court issued a CPC and the Third Circuit remanded to the Appellate Division for further consideration of the issues raised in the CPC, thus demonstrating that there are "meritorious issues for consideration." *Id.*

Appellee Government of the Virgin Islands (the "Government") has opposed the Motion for Release, arguing that 18 U.S.C. § 3143 is inapplicable, as it applies to matters on direct appeal and not to post-conviction bail situations. (Dkt. No. 54). The Government further argues that the proper standard to apply is that found in *Landano v. Rafferty*, 970 F.2d 1230, 1238 (3d Cir. 1992), and Simon does not meet that standard. *Id.*

In his Reply Brief, Simon concedes that 18 U.S.C. § 3143 is inapplicable, given the ruling in *United States v. Enigwe*, 2003 WL 151385 (E.D. Pa. Jan. 14, 2003), upon which the Government relies. In *Enigwe*, a convicted defendant (seeking post-conviction relief pursuant to 28 U.S.C. § 2255) filed a motion for bail pending appeal. The district court denied the motion, holding that "'[t]he eligibility of a habeas petitioner for bail is not on the same footing as that of a pretrial accused who is presumptively innocent, or that of a convicted defendant on direct appeal[.]'" *Enigwe*, 2003 WL 151385, at *4 (quoting *Ostrer v. United States*, 584 F.2d 594, 599 (2d Cir. 1978)). The *Enigwe* Court squarely rejected defendant's argument that § 3143 governed

---

imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(A) & (B).

4

a convicted defendant's request for post-conviction habeas relief, noting that, by its terms, the statute "'applies only to motions for release pending sentence and appeal and does not apply to a convicted defendant who seeks post-conviction [habeas] relief.'" *Id.* at *5 (quoting *United States v. Enigwe*, 1994 WL 689055, at *2 (E.D. Pa. Dec. 6, 1994)). Rather, in the habeas context, release pending appeal "may be granted only if defendant has raised substantial constitutional claims upon which he has a high probability of success, *and* when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Id.* at *4 (emphasis added; citation omitted); *see also Aronson v. May*, 85 S. Ct. 3, 5 (1964) (opining that "it is obvious that a greater showing of special reasons for admission to bail pending review" should be required in a case where an applicant has been tried, convicted, and sentenced, and that it was "therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice."); *Lucas v. Hadden*, 790 F.2d 365, 367 (3d Cir. 1986) ("This [extraordinary circumstances] standard reflects the recognition that a preliminary grant of bail is an exceptional form of relief in a habeas corpus proceeding."). "Those cases in which courts have found extraordinary circumstances have, for the most part, been limited to situations involving the impending completion of a prisoner's sentence or poor health." *Enigwe*, 2003 WL 151385, at *4 (citing cases).

Having conceded that his reliance on 18 U.S.C. § 3143 was misplaced, Simon nonetheless maintains that he is entitled to be released pending appeal. He argues that his case presents both a high probability of success—given the substantive issues raised on appeal—and extraordinary circumstances, because "the prosecution's probability of success on the retrial of a

20 year old case will be, at best, slim." (Dkt. No. 55 at 2).[5] The Court does not agree that Simon has established his entitlement to the relief that he seeks.

Even assuming—without deciding—that Simon could show that he has raised "substantial constitutional claims upon which he has a high probability of success," *Landano*, 970 F.2d at 1238, the kind of extraordinary circumstances which "make the grant of bail necessary to make the habeas remedy effective," *Enigwe*, 2003 WL 151385, at *4, do not exist here. Simon was sentenced to life imprisonment without the possibility of parole. It is therefore indisputable that he is not close to the completion of his sentence. Simon cannot circumvent this requirement by advancing self-serving speculation regarding the Government's likelihood of success on retrial, or the likelihood that he would be offered a plea to a lesser offense that would effectively set him free. (Dkt. No. 52 at 9; Dkt. No. 55 at 2). The Court does not find that such speculation regarding proceedings that may occur in the future constitutes the kind of extraordinary circumstances contemplated by *Landano* or *Enigwe*.

Accordingly, the Court will deny Simon's Motion for Release Pending Appeal.

---

[5] Although Simon argues that he satisfies both prongs of the *Landano* standard—high probability of success and extraordinary circumstances—he preserves "for subsequent review by the Third Circuit" (Dkt. No. 55 at 2) the argument that this Court should adopt the "disjunctive test, as set forth in *[United States v.] Mett*, [41 F.3d 1281, 1282 (9th Cir. 1994)]," rather than the "conjunctive test" adopted by the Third Circuit in *Landano*. However, Simon "admits, as he must, that *Landano* controls this Court's analysis." (Dkt. No. 55 at 2). *See UTI Corp. v. Fireman's Fund Ins. Co.*, 896 F. Supp. 362, 379 (D.N.J. 1995) ("[A]s a federal district court, we are bound by the pronouncements of the Third Circuit Court of Appeals[.]"); *cf. United States v. Higdon*, 638 F.3d 233, 247 (3d Cir. 2011) (criticizing district court judge for refusing to follow circuit precedent and granting mandamus relief because judge conducted trial according to his own personal view of the law).

## **ORDER**

For the reasons set forth above, the Court **DENIES** Appellant Carl Simon's Motion for Release Pending Appeal. (Dkt. No. 52).

**SO ORDERED** this 4th day of March, 2014.

FOR THE COURT:

Wilma A. Lewis
Chief Judge