CARL SIMON,              )
                           )
     *Appellant,*       )
                           )     D. C. Civ. App. No. 2003/024
    v.                    )
                           )
                           )     Super. Ct. Misc. No. F28/2000
GOVERNMENT OF THE    )
VIRGIN ISLANDS,       )
                           )
     *Appellee.*        )
_____)

On Appeal from the Superior Court of the Virgin Islands,
the Honorable Rhys S. Hodge presiding.

**Considered: April 23, 2018**
**Filed: June 13, 2018**

BEFORE: **WILMA A. LEWIS**, Chief Judge of the District Court of the Virgin Islands; **CURTIS V. GÓMEZ**, Judge of the District Court of the Virgin Islands; and **DOUGLAS A. BRADY**, Judge of the Superior Court of the Virgin Islands, sitting by designation.

ATTORNEYS:

**Joseph A. DiRuzzo, III, Esq.**
Ft. Lauderdale, FL
     *For the Appellant, Carl Simon*

**Su-Layne U. Walker, Esq.**
St. Thomas, VI
     *For the Appellee, Government of the Virgin Islands*

| MEMORANDUM OPINION |
|---|

**PER CURIAM**

In this appeal, Carl Simon ("Simon") challenges the July 18, 2002 Order of the Superior Court of the Virgin Islands dismissing his amended petition for a writ of habeas corpus, filed pursuant to 5 V.I.C. § 1314 in February 2000. Joint Appendix ("JA") 4. On July 29, 2015, this Court issued a Memorandum Opinion (No. 03-cv-0024, Dkt. No. 89) and Judgment (Dkt. No. 90) in which the Court rejected seven of the eight main claims Simon raised in the appeal. With regard to Simon's remaining claim—ineffective assistance against his appellate counsel, Michael Joseph, Esq. ("Attorney Joseph")—the Court remanded that claim to the Superior Court of the Virgin Islands to develop a factual record. In response to the Court's remand Order, the Superior Court held a hearing and issued Findings of Fact, which were entered on this Court's docket by Simon's counsel. (Dkt. Nos. 97, 97-1).

For the reasons that follow, the Court finds that Attorney Joseph did not render constitutionally ineffective assistance to Simon in failing to file a Notice of Appeal to the Third Circuit Court of Appeals from this Court's decision affirming Simon's conviction. Accordingly, the Court will reject Simon's ineffective assistance of counsel claim against Attorney Joseph and dismiss Simon's appeal in its entirety.

## I.     BACKGROUND AND PROCEDURAL HISTORY

Because the background and procedural history in this case were set forth at length in our July 29, 2015 Memorandum Opinion, the Court will provide only the background necessary to place the current issue and the Court's ruling into context.

In September 1993, Simon and two other individuals burglarized a house on St. John, U.S. Virgin Islands. The home owner and his friend arrived during the burglary. An altercation ensued and the friend was shot dead. Simon and the two other individuals fled the scene with money and other valuables. Simon was charged with felony murder, in violation of 14 V.I.C. §§ 11(a), 921, and 922(a)(1); robbery, in violation of 14 V.I.C. §§ 11(a) and 1862(2); and burglary, in violation of 14 V.I.C. § 444(1). His trial was held on January 24 and 25, 1995. The jury found Simon guilty of felony murder, first-degree robbery, and third-degree burglary. JA 753-54. The trial judge sentenced Simon to life in prison without the possibility of parole. *Id.*

Simon filed a Notice of Appeal to this Court (the Appellate Division of the District Court) in February 1995. JA 755, 757. Then-Territorial Chief Public Defender, Harold Willocks, Esq. ("Willocks"), was substituted for trial counsel on direct appeal. In August 1995, Willocks filed a Motion to be Relieved as Counsel. JA 758-59. Willocks and Attorney Joseph signed a Stipulation that substituted Attorney Joseph as counsel on Simon's direct appeal, which was approved by this Court on August 8, 1996. JA 813-14. Attorney Joseph filed a brief arguing that the Superior Court erred in allowing the Government to amend the Information shortly before trial. JA 815-18. Finding no prejudice to Simon from the amendment, this Court affirmed his conviction on August 20, 1997. JA 819-27.

The record on appeal contained a September 10, 1997 letter wherein Attorney Joseph informed Simon that he had received Simon's September 9, 1997 telephone message "in which you demanded that I file a notice of appeal to the 3d Circuit from your direct appeal to the Appellate Division[.]" JA 828. The letter went on to say that "an appeal would be frivolous and without merit"; that Attorney Joseph had found a meritorious argument concerning amendment of the

Information which the Appellate Division "thoroughly reviewed" and addressed in an opinion which he found to be "sound"; that Attorney Joseph was "exempt from appointment to cases by the rules of the Territorial Court"; that Attorney Joseph was "therefore advising [Simon] that [he] should seek other counsel if [he] insist[ed] on an appeal to the Third Circuit Court of Appeals"; and that Simon "must file such notice immediately." *Id.*

 Simon drafted a Notice of Appeal dated September 11, 1997. JA 829. It was received by the District Court on September 22, 1997 and certified on September 23, 1997. *Id.* The Third Circuit docketed Simon's appeal on September 30, 1997, JA 830, and dismissed it as untimely on December 12, 1997. JA 831.

In February 2000, Simon filed a *pro se* petition for a writ of habeas corpus in the Superior Court, pursuant to 5 V.I.C. § 1314. JA 840-65. Appointed counsel filed an amended habeas petition.[1] By Memorandum Opinion dated July 18, 2002, the Superior Court dismissed Simon's amended habeas petition. *Simon v. Gov't of the V.I.,* 47 V.I. 3 (V.I. Terr. Ct. 2002). JA 5-37. Simon appealed the dismissal to this Court in July 2002, docketed as *Simon v. Gov't of the V.I.*, No. 03-cv-0024. JA 1.

In January 2004, this Court appointed counsel to represent Simon on the appeal of the dismissal of his amended habeas petition. (No. 03-cv-24, Dkt. No. 12). In June 2004, the attorney moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). (Dkt. No. 17).[2] The

---

[1] The amended petition was not included in the record on appeal.

[2] Court-appointed appellate counsel may move to withdraw from representation of a client on appeal by submitting a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating, *inter alia*, that there are no meritorious issues for appeal.

motion was granted and another attorney was appointed. (Dkt. No. 19). In September 2005, that attorney also sought to withdraw by filing an *Anders* brief. In a Memorandum Opinion dated September 10, 2007, while counsel's *Anders* Motion was pending, the Appellate Division remanded this case to the Superior Court "to determine whether a Certificate of Probable Cause ['CPC'] should issue" in order for the case to proceed on appeal. (Dkt. No. 31 at 6; Dkt. No. 32).[3]

The Superior Court issued a CPC in February 2008, finding that the late amendment of the Information, the alleged *Brady* violation, "and other issues raised by Simon in his Amended Petition for Writ of Habeas Corpus are deserving of consideration by the Appellate Division." (Dkt. No. 34 at 5). However, in a Memorandum Opinion filed in August 2009, this Court— apparently without considering the CPC previously issued by the Superior Court—affirmed the Superior Court's July 2002 judgment denying Simon's petition for a writ of habeas corpus and granted counsel's *Anders* motion to withdraw as appellate counsel. (Dkt. Nos. 40, 41).

Simon appealed this Court's August 2009 Memorandum Opinion and Order to the Third Circuit. (Dkt. No. 42). In an Opinion issued in May 2012, the Third Circuit held that, in light of the CPC, the Appellate Division erred by finding that the *Anders* brief was sufficient as a matter of law. *Simon v. Gov't of the Virgin Islands*, 679 F.3d 109, 115-116 (3d Cir. 2012). In vacating this Court's August 2009 Order and remanding for further proceedings, the Third Circuit concluded that there were "nonfrivolous issues that the Appellate Division should have reviewed

---

[3] Pursuant to the District Court of the Virgin Islands Appellate Division's Rule of Appellate Procedure 14(b), an appeal from the Superior Court's denial of a writ of habeas corpus "may not proceed unless the adjudicating judge of the Superior Court issues a certificate of probable cause." V.I.R. App. P. 14(b).

on the merits," including the issues discussed in the CPC and including issues—such as ineffective assistance of counsel—that Simon raised before the Third Circuit. *Id.* at 115-16.

In October 2012, this Court granted Simon's motion to expand the CPC to add five issues, including whether he had received ineffective assistance of counsel. (Dkt. No. 62).[4]

On July 29, 2015, this Court issued a Memorandum Opinion in which it found all but one of the issues raised by Simon in his appeal of the dismissal of his amended habeas petition to be without merit. In this regard, the Court rejected claims of: an alleged *Brady* violation; improper amendment of the Information; the Superior Court's alleged lack of jurisdiction; ineffective assistance of trial counsel (Attorney Augustin Ayala) and habeas counsel (Attorney Gwendolyn Wilds); and ineffective assistance of appellate counsel (Attorneys Harold Willocks and Arturo Watlington). (Dkt. No. 89).

Simon also claimed that Attorney Joseph had provided ineffective assistance on his direct appeal to the Appellate Division by failing to raise his *Brady* and jurisdictional claims, and by failing to appeal this Court's Order affirming Simon's conviction to the Third Circuit Court of Appeals. Appellant's Brief at 51-52 (Dkt. No. 64). In the July 29, 2015 Memorandum Opinion, this Court found that Simon's *Brady* and subject matter jurisdiction arguments relating to his ineffective assistance claim against Attorney Joseph had no merit. (Dkt. No. 89 at 70). The Court

---

[4] Simon did not raise an ineffective assistance of counsel claim in his habeas petition, and the Superior Court's CPC did not address such a claim. (Dkt. No. 34). However, in its May 16, 2012 Amended Opinion, the Third Circuit noted that Simon had raised issues, such as ineffective assistance of counsel, "that counsel may also choose to address upon remand." *Simon,* 679 F.3d at 116. Because of the Third Circuit's statement, this Court issued the October 2012 Order expanding the CPC to permit Simon to address, *inter alia*, "[w]hether [he] received ineffective and/or deficient assistance of counsel." (Dkt. No. 62). This Court addressed those claims in the first instance in its July 29, 2015 Memorandum Opinion.

concluded, however, that the record was not sufficiently developed for it to address the ineffective

assistance of counsel claim against Attorney Joseph as it related to counsel's alleged failure to file

a notice of appeal to the Third Circuit. *Id.*[5]

As a result, this Court remanded the unresolved ineffective assistance claim against

Attorney Joseph to the Superior Court:

> to develop the factual record underlying Simon's claim that Attorney
> Michael Joseph rendered ineffective assistance of counsel in failing to file
> a notice of appeal of this Court's August 20, 1997 Opinion affirming
> Simon's conviction to the United States Court of Appeals for the Third
> Circuit. *See United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991)
> (citing Third Circuit repeated holdings that "'the proper avenue for pursuing
> [ineffective assistance of counsel] claims is through a collateral proceeding
> in which the factual basis for the claim may be developed.'") (quoting
> *United States v. Theodoropoulos*, 866 F.2d 587, 598 (3d Cir. 1989)).

*Id*. at 72. As a record remand, this Court would "'receive[ ] the appeal back again under the same

appeal number,'" review the Superior Court's findings, and determine what the proper remedy, if

any, should be. *Id.* at 73 (quoting *Simon*, 679 F.3d at 114).

On January 23, 2017, Simon's counsel filed with the Court the "Notice of Entry of Findings

of Fact" (the "Findings of Fact"), in which the Superior Court set forth its Findings of Fact on the

---

[5] In addressing the ineffective assistance claim against Attorney Joseph, this Court observed that
such claims are generally raised in the first instance in habeas petitions before the trial court, which
would decide whether to hold an evidentiary hearing on the issue and would make factual findings
that form the basis for the court's resolution of the issue. Thus, if the issue were appealed, the
appellate court would have a factual record to review. (Dkt. No. 89 at 71). However, because
Simon's ineffective assistance of counsel claims were never raised in his habeas petition, and the
Superior Court's Certificate of Probable Cause did not address those claims, (*see* Dkt. No. 34),
this Court addressed those claims for the first time on appeal. While the Court "found the existing
record sufficient to render a ruling on most of the ineffective assistance claims raised by Simon,"
it found "the record insufficient to do so with regard to the failure to appeal claim against Joseph,"
particularly since the only evidence in the record bearing upon the ineffective assistance issue was
Attorney Joseph's September 10, 1997 letter, which did not shed light on the factual context of the
representations. (Dkt. No. 89 at 71).

ineffective assistance of appellate counsel claim based on an evidentiary hearing held on October 19, 2016. (Dkt. Nos. 97, 97-1). Simon and Attorney Joseph testified at the hearing. (Dkt. No. 97-1). Judge Denise Francois found that Simon had retained Attorney Joseph to represent him on his criminal appeal to the Appellate Division. (Dkt. No. 97-1, ¶ 3). Attorney Joseph did not send an engagement letter to Simon because he had become familiar with the case through an unnamed third party who had sent Attorney Joseph a transcript of Simon's trial. *Id*. ¶ 4. Attorney Joseph informed the third party that he would review the transcript for $1,000 and call that person if he found anything meritorious. *Id.* Attorney Joseph determined that one issue—the late amendment of the Information—should be appealed. He filed a brief before this Court and charged $3,500 for his services. *Id.* ¶¶ 5, 6. Attorney Joseph testified at the hearing that he "was under the impression that the scope of his engagement was solely to represent Simon before the Appellate Division" and that he "had no further obligation—professional, contractual or otherwise—to Simon." *Id.* ¶ 7.

The Findings of Fact further indicate that, at some point following this Court's affirmance of Simon's conviction on August 20, 1997, Attorney Joseph mailed Simon a copy of the Court's Opinion and Order. *Id.* ¶¶ 8, 9. Simon was incarcerated at the Golden Grove Adult Correctional Facility on St. Croix at the time. *Id.* ¶ 11. Upon receipt, Simon telephoned Attorney Joseph's office and spoke with his secretary, telling her "to let Attorney Joseph know that I wanted to appeal the order affirming the conviction to the Third Circuit Court of Appeals." *Id.* ¶ 10. In response to that telephone call, Attorney Joseph sent the September 10, 1997 letter to Simon, as referenced above. *Id.* ¶ 13. Simon filed a *pro se* Notice of Appeal on September 23, 1997, *id.* ¶ 15, which the Third

Circuit dismissed as untimely on December 12, 1997. *Id.* ¶ 22.[6] At the hearing, Simon explained

that he had filed the Notice of Appeal to challenge the Appellate Division's conclusion that the

elements of premeditated and felony murder both constitute first degree murder offenses, and to

challenge the amendment to the Information to add the robbery count. *Id.* ¶ 17. Simon stated that

Attorney Joseph never had any discussions with him regarding whether these issues were frivolous

or without merit. *Id.* ¶ 18.[7]

The Findings of Fact also set forth that Attorney Joseph never had any discussions with

Simon that an appeal from the Appellate Division to the Third Circuit was an "appeal as of right."

*Id.* ¶ 19. In addition, Simon never informed Attorney Joseph that he wanted to forego his appeal

as of right from the Appellate Division to the Third Circuit. *Id.* ¶ 21. Attorney Joseph testified that

he was familiar with *Anders v. California*, 386 U.S. 738 (1967), and it was his understanding that

appointed counsel—not retained counsel—had a duty to make all arguments on appeal that has

some basis in fact, even if appointed counsel deemed the issue to be frivolous. *Id.* ¶ 24.

According to the Findings of Fact, Simon testified that, two years after he filed his Notice

of Appeal, he received the Third Circuit's Order dismissing his appeal from Attorney Joseph's

secretary, along with other documents he had requested. *Id.* ¶ 23.

This Court will now resolve the remaining habeas issue: whether Attorney Joseph rendered

constitutionally ineffective assistance to Simon in violation of Simon's rights under the Sixth

---

[6] While the Findings of Fact provide that Simon filed his *pro se* Notice of Appeal on September 23, 1997, (Dkt. No. 97-1, ¶ 15), the record on appeal reflects that the Notice of Appeal was dated September 11, 1997, was received by the District Court on September 22, 1997, and certified on September 23, 1997. (JA 829).

[7] Attorney Joseph's brief to the Appellate Division challenged the addition of the robbery count ten days before jury selection. JA 817.

Amendment and the Revised Organic Act of 1954, section 3 (48 U.S.C. § 1561). Simon has couched the issue as Attorney Joseph's failure to "timely file (or file at all) a notice of appeal" of this Court's August 20, 1997 Opinion to the Third Circuit. Appellant's Brief at 52; *see id*. at 53 ("Joseph's failure to p[er]fect Simon's appeal was per se ineffective assistance of counsel."). The Court finds that Simon's claim lacks merit.

## II. DISCUSSION

### A. Jurisdiction

This Court determined that it had jurisdiction over Simon's February 2000 habeas petition in its Memorandum Opinion of July 29, 2015, by virtue of the Appellate Division's "jurisdiction to review appeals from final decisions of the Superior Court of the Virgin Islands concerning habeas petitions" in cases filed prior to January 29, 2007. *Hughley v. Gov't of the V.I.,* 2011 WL 4463309, at *1 (D.V.I. App. Div. Sept. 23, 2011), *aff'd* 536 F. App'x 278 (3d Cir. 2013); *see* V.I. Code Ann. tit. 4, § 33; Revised Organic Act of 1984, § 23A, 48 U.S.C. § 1613; *Martinez v. Stridiron*, 2011 WL 1483260, at *2 (V.I. Mar. 22, 2011).

### B. Analysis

The constitutional right to effective assistance of retained appellate counsel is rooted in the Due Process Clause of the Constitution.[8] *See Evitts v. Lucey*, 469 U.S. 387, 402 (1985). The

---

[8] The Equal Protection Clause is also implicated when indigents are denied effective assistance of appellate counsel. *See Evitts v. Lucey*, 469 U.S. at 405. The Sixth Amendment is not implicated. *See Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 160-61 (2000) ("The Sixth Amendment does not include any right to appeal . . . In light of our conclusion that the Sixth Amendment does not apply to appellate proceedings, any individual right to self-representation on appeal based on autonomy principles must be grounded in the Due Process Clause."); *United States v. Cross*, 308 F.3d 308, 315 n.12 (3d Cir. 2002) ("Although [*Strickland v. Washington*, 466 U.S. 668 (1984)] relied on the Sixth Amendment, which 'does not apply to

Due Process Clause is extended to the Virgin Islands by section 3 of the Revised Organic Act of 1954. Revised Organic Act of 1954 § 3; 48 U.S.C. § 1561.

Under *Strickland v. Washington*, there are two components to an ineffective assistance of counsel inquiry. 466 U.S. 668, 687 (1984). The proponent bears the burden of establishing both components. *Id.* First, "'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" *Gov't of the V.I. v. Vanterpool*, 767 F.3d 157, 165 (3d Cir. 2014) (quoting *Strickland*, 466 U.S. at 688). Second, a defendant must prove prejudice by showing that there is a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The *Strickland* standard applies to the right of effective assistance of counsel at trial, *id.* at 684-90, as well as to "the effective assistance of counsel on [a defendant's] first appeal as of right." *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002); *see also Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Albrecht v. Horn,* 485 F.3d 103, 137 (3d Cir. 2007).

Simon asserts that Attorney Joseph's representation was ineffective because Attorney Joseph failed to file a notice of appeal to the Third Circuit of this Court's Opinion and Order affirming Simon's conviction. Appellant's Brief at 52-53 (Dkt. No. 64).[9] Having considered the

---

appellate proceedings,' it is well-settled that its framework governs claims of ineffective assistance of appellate counsel.") (quoting *Martinez,* 528 U.S. at 161).

[9] Simon also claimed that Attorney Joseph had an obligation under *Anders* to perfect the appeal and then move to withdraw. Appellant's Brief at 52. *Anders* addresses the obligation of "court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal," and the procedure for withdrawing from such a representation. *Anders*, 386 U.S. at 739. The record shows that Attorney Joseph was retained, and Simon points to no Third Circuit case law indicating that *Anders* has been extended to retained counsel. In any event, because this Court finds that the ineffective assistance of appellate counsel claim is resolved on the ground that there is no such

relevant case law, the Court finds that, because there is no constitutional right to the effective assistance of counsel on a second appeal as of right—and Simon's notice of appeal to the Third Circuit would be considered part of such an appeal—Simon's claim that Attorney Joseph was ineffective must fail.

This case presents the unusual circumstance of a defendant being granted—by two different statutes—two appeals as of right in the course of his challenge to his criminal conviction. Before the Supreme Court of the Virgin Islands was established and began adjudicating appeals from the Territorial Court (later renamed the Superior Court) in 2007, the Appellate Division of the District Court addressed such appeals. In turn, at that time, the Third Circuit Court of Appeals heard appeals from the Appellate Division. Appeals from both the Superior Court to the Appellate Division and from the Appellate Division to the Third Circuit were appeals as of right. *Gov't of the VI v. Hodge*, 359 F.3d 312, 323 (3d Cir. 2004) (citing 48 U.S.C. § 1613a); 4 V.I.C. § 33. This unusual appellate path with two appeals as of right no longer exists in the Virgin Islands, as appeals from the Superior Court filed after the establishment of the Supreme Court of the Virgin Islands are heard by that court, and the next level of appeal—to the United States Supreme Court—is discretionary.

In a first tier appeal as of right, the law is clear that, if a client directs counsel to file an appeal and counsel does not do so, such a scenario constitutes per se ineffective assistance of counsel. *See Solis v. United States*, 252 F.3d 289, 294-95 (3d Cir. 2001) (finding that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that

---

claim with respect to a second appeal as of right, it need not further address Simon's *Anders* argument.

is professionally unreasonable and, in such circumstance, the prejudice prong is presumed). This

is the body of law upon which Simon relies in his brief.

When considering the viability of claims pertaining to ineffective assistance of appellate

counsel, the Supreme Court has drawn a clear distinction between first appeals as of right and

subsequent discretionary appeals when assessing whether an individual has a constitutional right

to counsel and thus a constitutional right to the effective assistance of counsel. In *Douglas v.*

*People of the State of Cal.*, 372 U.S. 353, 356-58 (1963), the Supreme Court held that a defendant

in a criminal case had a constitutional right to counsel on his first level appeal as of right. The

Supreme Court, in *Ross v. Moffitt*, 417 U.S. 600 (1974), refused to extend *Douglas'* holding to

require counsel for discretionary state appeals and for applications for review to the Supreme

Court. *Id.* at 615-16. In explaining its reasoning, the Court in *Ross* noted that, having had a first

appeal as of right to the state intermediate appellate court, the appellant would have access to, "at

the very least a transcript or other record of trial proceedings, a brief on his behalf in the Court of

Appeals setting forth his claims of error, and in many cases an opinion by the Court of Appeals

disposing his case." *Id.* at 615. The Court re-emphasized that *Douglas'* holding was meant "only

to assure the indigent defendant . . . an adequate opportunity to present his claims fairly in the

context of the State's appellate process." *Id.* at 616; *see also Evitts*, 469 U.S. at 394 ("This right to

counsel is limited to the first appeal as of right[.]") (citing *Ross*, 417 U.S. at 612-619).

Where a defendant has a constitutional right to counsel, he has a constitutional right to the

effective assistance of counsel. *See McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970) ("It

has long been recognized that the right to counsel is the right to the effective assistance of

counsel."). In *Wainwright v. Torna*, 455 U.S. 586 (1982), a convicted prisoner claimed that he was

denied effective assistance of counsel because his retained attorney failed to file a timely application for a writ of certiorari to the state's supreme court following affirmance of his conviction by the state's intermediate appellate court. In affirming the district court's dismissal of the habeas petition, the Supreme Court, citing *Ross*, commented that the prisoner had no right of appeal to the state supreme court and, "[s]ince respondent had no constitutional right to counsel [for discretionary appeals], he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely." *Id.* at 587-88. In other words, an ineffective assistance of counsel claim is linked to a constitutional right to counsel. Accordingly, where there is no constitutional right to appointment of counsel (*i.e.*, for a discretionary appeal), there can be no claim that counsel is ineffective for failing to file a notice of appeal or other application for review.

The most forceful Supreme Court language concerning the limits of the constitutional right to counsel is found in *Pennsylvania v. Finley*, 481 U.S. 551 (1987), which held that prisoners did not have a constitutional right to counsel when mounting collateral attacks on their convictions. In so holding, the Court wrote: "Our cases establish that the right to appointed counsel extends to the first appeal of right, *and no further*." *Id*. at 555 (emphasis added).[10]

When assessing whether the constitutional right to effective assistance of counsel applies to a second appeal as of right, at least two state courts has seized upon the Supreme Court's broad language restricting the right to appointed counsel to a first appeal as of right. In *State v. Buell*, the Ohio Supreme Court rejected the appellant's ineffective assistance of counsel claim with respect

---

[10] This language was repeated in *McCleskey v. Zant* in the context of second habeas petitions. 499 U.S. 467, 495 (1991).

to his second appeal as of right to that court. 639 N.E.2d 110, 70 Ohio St. 3d 1211, 1212 (Ohio 1994). Citing *Evitts* and quoting *Finley*'s "first appeal of right and no further" language, the court held that because the appellant had no constitutional right to counsel on a second appeal, he had no constitutional right to the effective assistance of counsel. *Id*. The Nebraska Court of Appeals in *State v. Hughan*, cited *Buell* and *Finley* in holding that the appellant's first appeal was the only appeal subject to the constitutional right to appellate counsel and that, although the appellant had a further appeal to that court as of right, she had no further right to appointed counsel. 703 N.W.2d 263, 265-66 (Neb. Ct. App. 2005).[11]

The Court in *Hughan* also cited *Hernandez v. Greiner*, 305 F. Supp. 2d 216, 226 (E.D.N.Y. 2004) in which the district court noted that neither the U.S. Supreme Court nor the Second Circuit had ever addressed whether the right to counsel attached to all appeals as of right on direct review of a criminal conviction. The district court left to the Second Circuit to determine whether it would follow the broad implications of *Finley* and *Evitts* as to whether an indigent was entitled to assigned counsel for a second appeal as of right. *Id.* at 228. The next year, the Second Circuit resolved the issue, holding that the right to counsel did not apply to a discretionary appeal from New York's intermediate appellate court to its highest court, even after the highest court had exercised its discretion to grant leave to appeal. *Hernandez v. Greiner*, 414 F.3d 266, 271 (2d Cir. 2005). In so holding, the court provided an overview of case law on second-level appeals. It wrote that the

---

[11] The holding in *Hughan* was also predicated on the fact that since the U.S. Supreme Court had not expressly extended the federal constitutional right to counsel to second appeals as of right, and the Nebraska Supreme Court held that the Nebraska Constitution's provision for assistance of counsel in a criminal case was no broader than its counterpart in the federal constitution, the appellant had no right to appointed counsel on her second level appeal as of right. *Hughan*, 703 N.W.2d at 266.

Supreme Court has "used language, albeit dicta, that casts at least doubt on a right to counsel on any second-level appeal." *Id.* at 269 (quoting *Finley* and *Evitts*).[12] The Second Circuit continued: "These statements strongly suggest that there is no right to counsel on any appeal beyond a first-level appeal as of right, whether the second-level appeal is discretionary *or even of right*." *Id.* (emphasis added). *Hernandez* is the only federal case this Court has found that references the right to counsel with respect to second-level appeals as of right. Other federal courts apply *Ross'* well-

---

[12] This Court questions whether *Finley's* "and no further" language is, in fact, dicta. The issue before the Court in *Finley* was whether prisoners had a constitutional right to counsel when mounting collateral attacks on their convictions. The Court reviewed its prior cases and opined that they established that the right to appointed counsel extended to the first appeal of right and no further. The Court added that since there was no right to counsel for a discretionary appeal on direct review, there could be no such right when attacking a conviction—that had long since become final— on collateral review. *Finley*, 481 U.S. at 555. Since habeas review occurred long after a first appeal as of right on direct review, the "and no further" language seems integral to *Finley's* holding concerning the limits of the constitutional right to counsel. This language reinforces the notion that the constitutional limits for appointment of counsel extend only to a first appeal as of right, and that there is no right to counsel beyond that first appeal as of right, thus reinforcing Supreme Court holdings in prior cases and applying that line of cases to the circumstances in *Finley*.

Even assuming that the language is dicta, the Third Circuit has stated that "[t]he Supreme Court uses *dicta* to help control and influence the many issues it cannot decide because of its limited docket." *In re McDonald,* 205 F.3d 606, 612 (3d Cir. 2000). "Appellate courts that dismiss these expressions . . . increase the disparity among tribunals . . . and frustrate the evenhanded administration of justice . . . ." *Id.* at 612–13 (internal quotation marks omitted). Consequently, the Third Circuit has concluded that it "cannot lightly ignore the force of Supreme Court *dicta,*" *Morrow v. Balaski,* 719 F.3d 160, 169 (3d Cir. 2013) (*en banc*), and that such *dicta* "requires serious consideration." *United States v. Marzzarella,* 614 F.3d 85, 90 n. 5 (3d Cir. 2010); *cf. Beaupierre v. Virgin Islands,* 2011 WL 3585507, at *4 (V.I. Aug. 10, 2011) (citing U.S. Supreme Court dicta in support of its holding). Thus, even if dicta, this Court must seriously consider the Supreme Court's "and no further" language.

settled rule that there is no right to appointed counsel for discretionary appeals, as that is the context in which the issue is presented on the federal level.[13]

This Court agrees that the constitutional right to counsel does not extend to a second appeal as of right for several reasons. First, *Finley*'s broad "first appeal of right, and no further" language—by its plain terms—excludes *any* appeal after a first appeal as of right, whether that second appeal is discretionary or as of right. If the Supreme Court intended the constitutional right to counsel to be applicable to appeals of right generally—and thus to include a second appeal as of right—it would not have used the word "first." Moreover, the phrase "and no further" serves to emphasize the Court's intent to exclude all appeals after the first appeal as of right. There is no alternative construction to such plain language.

Second, the rationale articulated by the Supreme Court in both *Douglas* and *Ross* for providing counsel on a first appeal but not on a subsequent (discretionary) appeal resonates equally here in the context of a second appeal as of right. In *Douglas*, the Supreme Court was concerned that an indigent defendant could be denied the assistance of counsel on his one appeal as of right; it was not concerned with problems that might arise in preparing for discretionary review "beyond the stage in the appellate process at which the claims have once been presented by a lawyer and passed upon by an appellate court." *Douglas*, 372 U.S. at 356. In *Ross*, the Supreme Court developed that position further by commenting that a defendant who already had the benefit of counsel on a first appeal as of right would have access to "at the very least, a transcript or other

---

[13] *See, e.g., United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013); *Nichols v. United States*, 563 F.3d 240, 250 (6th Cir. 2009); *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008); *Barbour v. Haley*, 471 F.3d 1222, 1229 (11th Cir. 2006); *Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004); *Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000).

record of the trial proceedings, a brief on his behalf in the Court of Appeals setting forth his claims of error, and in many cases an opinion by the Court of Appeals disposing of his case." *Ross*, 417 U.S. at 615. The Supreme Court was concerned that a defendant would have to navigate the appellate process without assistance on his first appeal as of right; it did not believe that a defendant, having gone through that first appeal and armed with the kind of materials generally produced during a first appeal as of right, would be "denied meaningful access to [the state supreme court] simply because the State does not appoint counsel to aid him in seeking review in that court." *Id.*

If we were to consider the legal materials available to Simon as representative of the legal materials defendants have access to on a second appeal as of right from this Court to the Third Circuit, it is clear that those materials typically provide an appellant with a meaningful second level appeal as of right. Simon possessed a transcript of the trial proceedings (which Attorney Joseph reviewed); a brief authored by Attorney Joseph on his behalf before this Court; and an Opinion from this Court affirming his conviction. The Supreme Court considers these materials sufficient to discharge a state's (or territory's) constitutional obligation to provide assistance of counsel on appellate review. Accordingly, having received the assistance of counsel on a first-tier appeal as of right to the Appellate Division, to which the right to effective assistance of counsel attached, the Supreme Court's rationale for holding that the constitutional right to effective assistance of counsel does not apply to a discretionary appeal beyond the first appeal as of right supports the conclusion that such right also does not apply to a second appeal as of right to the Third Circuit.

Simon argues that Attorney Joseph rendered ineffective assistance in failing to file a notice of appeal that would have initiated Simon's second appeal as of right. Having determined that Simon has no effective assistance of counsel claim for his second appeal as of right, the question arises as to whether the filing of the notice of appeal to the Third Circuit is part of the first or second appeal. In other words, we must determine where Attorney Joseph's duties in handling the first appeal as of right—and thus the constitutional protections for effective assistance of counsel—ended.

The Second Circuit, in *Chalk v. Kuhlmann*, 311 F.3d 525 (2d Cir. 2002), answered that question. It rejected an argument that because a state statute required counsel to file a petition for leave to appeal from the Appellate Division to the state's highest court, such a filing should be considered the last step in the petitioner's first appeal as of right rather than the first step of the subsequent discretionary appeal. The Court in *Chalk* wrote:

> The leave application is not a part of the direct appeal to the Appellate Division. The application is not filed until the Appellate Division has rendered its decision. It seeks review of that decision on a discretionary basis, by the Court of Appeals. The mere fact that counsel in the prior proceeding is obligated to pursue the next level of discretionary review does not convert the application into a part of the first appeal of right.

*Id.* at 529. The Court concluded that "Chalk had no constitutional right to counsel for the filing of that application." *Id.*; *see also Perez v. United States,* 2011 WL 2471274, at *4 (S.D.N.Y. June 18, 2011) (citing *Chalk* for same proposition). The Fourth Circuit, in *United States v. Williamson,* echoed *Chalk*'s line of demarcation:

> "[C]ounsel is . . . required in the hiatus between the termination of trial and the beginning of an appeal," *Nelson v. Peyton,* 415 F.2d 1154, 1157 (4th Cir.1969), and through the defendant's first appeal of right, *see Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Ross v. Moffitt,* 417 U.S. 600, 607, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), *but once*

> the direct appeal has been decided, the Sixth Amendment right to counsel comes to an end, *see Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *Kitchen v. United States,* 227 F.3d 1014, 1018 (7th Cir.2000) ("[O]nce the direct appeal has been decided, the right to counsel no longer applies." (citing *Finley,* 481 U.S. at 557, 107 S.Ct. 1990)).

706 F.3d at 416 (emphasis added); *see also Jackson v. Johnson*, 217 F.3d 360, 363-64 (5th Cir. 2000) (observing that although defendant made a "colorable argument that his opportunity to file a motion for rehearing should be considered the last step in his first appeal of right, a holding to that effect would surely create a new rule of constitutional law," and denying such relief).

Accordingly, Simon's constitutional right to effective assistance of counsel on his first appeal concluded with the entry on August 20, 1997of the Appellate Division Opinion and Order affirming his conviction.[14] Simon's contention that Attorney Joseph was ineffective thereafter based on his failure to file a notice of appeal to the Third Circuit Court of Appeals, after being told to do so, does not constitute a viable ineffective assistance of counsel claim.[15]

---

[14] This Opinion does not address whether Attorney Joseph violated any obligation to Simon pursuant to their contractual agreement for legal representation in the Appellate Division, or pursuant to then-applicable rules of professional conduct. Rather, we address only Simon's constitutional rights, and hold that because Simon's constitutional right to counsel (and thereby, effective assistance of counsel) concluded with the issuance of the Appellate Division's Opinion and Order, he has no constitutionally viable claim that Attorney Joseph was ineffective for failing to consult or failing to file a notice of appeal to the Third Circuit.

[15] In his brief on appeal, Simon did not raise an ineffective assistance of counsel claim based on Attorney Joseph's failure to consult with Simon following the issuance of the Appellate Division's Opinion and Order affirming his conviction. Because that issue is not properly before us, this Court need not *sua sponte* address it. *See Elmour v Gov't of V.I.*, 2005 WL 1653089, at *2 n.4 (D.V.I. App. Div. June 24, 2005) (opining that because plaintiff limited his argument to one constitutional issue and did not raise a second one, the Appellate Division would decline to reach the second issue on appeal); *see also Shuker v. Smith & Nephew, PLC,* 885 F.3d 760, 770 n.8 (3d Cir. 2018) ("[B]ecause [defendants] raised only express preemption arguments before the District Court, we conclude implied preemption arguments are not properly before us on appeal."). The Court notes, however, that even if Simon had raised this ground for ineffective assistance of counsel, it would

### III.  CONCLUSION

For the foregoing reasons, the Court finds that, because Simon's constitutional right to effective assistance on appeal concluded with the entry of the Appellate Division's Opinion and Order terminating his first-level appeal as of right, and because there is no constitutional right to assistance of counsel regarding a second appeal as of right, Simon's claim that Attorney Michael Joseph rendered ineffective assistance for failing to file a notice of appeal for his second appeal as of right has no merit. With adjudication of this final issue—the other issues having been disposed of in this Court's Memorandum Opinion and Judgment entered on July 29, 2015—the Court will dismiss, in its entirety, Simon's appeal of the Superior Court's dismissal of his habeas petition.

An appropriate Order follows.

---

meet with the same fate because counsel's constitutional obligations to a client end with the filing of the opinion in the first appeal as of right and therefore consultation regarding a next level appeal is not required by the Constitution. *See Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002) (holding that even though counsel failed to notify defendant timely of the outcome of his direct appeal, which resulted in the defendant being time-barred from filing a discretionary appeal, the "constitutionally secured right to counsel end[ed] when the decision by the appellate court was entered."); *see also United States v. Arechiga-Ramirez*, 370 F. App'x 784, 785 (9th Cir. 2010) (rejecting § 2255 claim of ineffective assistance of counsel based on counsel's failure to advise defendant of his right to petition the Supreme Court for a writ of certiorari); *Steele*, 518 F.3d at 988 (rejecting an ineffective assistance claim based on counsel's alleged failure "to inform petitioner of the procedure and time limits for filing a  certiorari petition pro se," and opining that "[w]e disagree that such violations would create a constitutional right to effective assistance of counsel."); *Wilbur v. United States*, 2015 WL 6956558, at *16 (M.D. Fla. Nov. 10, 2015) (holding that counsel did not render ineffective assistance by failing to notify defendant when Eleventh Circuit affirmed his conviction, "thereby depriving him of ability to seek en banc review or certiorari review. . . . Numerous courts have also held that appellate counsel does not render ineffective assistance by failing to notify their client of how or when to seek en banc or certiorari review.").