DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
APPELLATE DIVISION

CARL SIMON, )
)
*Appellant,* )
)
v. ) D.C. Civ. App. No. 2003-24
) Sup. Ct. Misc. No. F28/2000
GOVERNMENT OF THE )
VIRGIN ISLANDS, )
)
*Appellee.* )
_____ )

On Appeal from the Superior Court of the Virgin Islands

ATTORNEYS:
**Joseph A. DiRuzzo, III, Esq.**
Miami, FL
    Attorney for Appellant.

**Su-Layne U. Walker, Esq.**
St. Thomas, U.S.V.I.
    Attorney for Appellee

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the District Court of the Virgin Islands Appellate Division on the "Appeal of Magistrate Order" (Dkt. No. 114) and two Motions to Expedite Consideration (Dkt. Nos. 115, 116) filed by Appellant Carl Simon ("Appellant" or "Simon").

### I.     BACKGROUND AND PROCEDURAL HISTORY

Appellant was convicted in 1995 in the then Territorial Court of the Virgin Islands (now Superior Court) of burglary, robbery, and felony murder. He subsequently filed a habeas petition which the Superior Court rejected. Simon's appeal ultimately resulted in the adjudication by this

Court of numerous issues, including several ineffective assistance of counsel claims against various lawyers; a challenge to the Superior Court's jurisdiction; an alleged *Brady* violation; and an alleged improper amendment to the Information. The Superior Court's rulings were affirmed by this Court and Simon's petition was rejected in its entirety. (Dkt. Nos. 102, 103).

On appeal to the Third Circuit, this Court's opinion was affirmed in part and reversed in part. The Third Circuit found that the Superior Court erred in failing to conduct an evidentiary hearing to address Simon's claim that the Government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed to disclose an alleged prior agreement with its key witness. (Dkt. No. 107-1 at 2-3, 12-17). The Third Circuit also found that this Court erred in denying Simon's claim that his trial counsel, Augustin Ayala, Esq., was ineffective without remanding the matter to the Superior Court for an evidentiary hearing to address Simon's allegations that Attorney Ayala had a conflict of interest. *Id.* at 2-3, 20-22. The Third Circuit remanded the matter to this Court "with instructions to remand to the Superior Court to conduct an evidentiary hearing regarding the *Brady* violation and the conflict of interest claim." *Id.* at 32. This Court issued an Order remanding the case to the Superior Court of the Virgin Islands for further proceedings in accordance with the Third Circuit's opinion. (Dkt. No. 108).

Appellant then filed the instant "Motion to Appoint Pursuant to the Criminal Justice Act" ("Motion to Appoint Counsel") (Dkt. No. 109), wherein Appellant requested that his counsel be reappointed pursuant to the Criminal Justice Act ("CJA") to assist him with the evidentiary hearing ordered by the Third Circuit. *Id.* at 1. Magistrate Judge Ruth Miller denied Appellant's Motion finding that there was no basis in the Criminal Justice Act, 18 U.S.C. § 3006A, for the Court to appoint an attorney in local Superior Court proceedings. (Dkt. No. 111 at 2). Appellant then filed a "Motion to Reconsider [or] in the alternative Appeal of Magistrate Order" ("Motion to

Reconsider") (Dkt. No. 112). Magistrate Judge Miller denied Appellant's Motion to Reconsider, stating that the ongoing habeas proceedings in this case "are wholly local in nature, and this Court has no authority or obligation to provide counsel to defendant in these circumstances." (Dkt. No. 113 at 1). Appellant then appealed the Magistrate Judge's Order denying his Motion to Appoint Counsel and the Order denying his Motion to Reconsider. (Dkt. No. 114).

## II. STANDARD OF REVIEW

Upon an appeal from a ruling of a magistrate judge on a non-dispositive matter, a district court shall "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *McCann v. Kennedy Univ. Hosp., Inc.*, 596 Fed. App'x 140, 146 (3d Cir. 2014); *see also* 28 U.S.C. § 636(b)(1)(A). Motions to appoint counsel are non-dispositive matters that are reviewed on appeal under a clearly erroneous or contrary to law standard. *See, e.g., Ballard v. Williams*, No. 3:10-cv-01456, 2015 U.S. Dist. LEXIS 4029, at *13 (M.D. Pa. Jan. 14, 2015); *Smith v. AG of Pennsylvania*, No. 2:16cv0583, 2019 U.S. Dist. LEXIS 106449, at *2 (W.D. Pa. June 26, 2019); *Heleva v. Margherita*, Civil Action No. 3:19-2020, 2020 U.S. Dist. LEXIS 190850, at *4 (M.D. Pa. Oct.15, 2020).

A finding is "clearly erroneous" when "the [reviewing] court has 'the definite and firm conviction that a mistake has been committed.'" *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 92 (3d Cir. 1992), as amended (Sept. 17, 1992) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Beccerril v. Spartan Concrete Products, LLC*, 798 F. App'x 719, 721 n.4 (3d Cir. 2020). A magistrate judge's ruling is "contrary to law if the magistrate judge misinterpreted or misapplied applicable law." *Sunshine Shopping Center, Inc. v. LG Electronics Panama, S.A.*, Civil Action No. 2015-0041, 2018 U.S. Dist. LEXIS 161884, at *8 (D.V.I. Sept. 21, 2018) (quoting *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008)) (internal quotation

marks omitted). "The party who filed the appeal bears the burden of establishing that the magistrate judge's decision is clearly erroneous or contrary to law." *Control Screening, LLC v. Integrated Trade Sys., Inc.*, Civ. Action No. 10-499 (KSH), 2011 U.S. Dist. LEXIS 85202, at *16 (D.N.J. Aug. 3, 2011). The magistrate judge's decisions on non-dispositive matters are accorded wide discretion. *White v. Day*, Civil Action No. 2018-0018, 2020 WL 3213355, at *2 (D.V.I. June 15, 2020) (citing *National Labor Relations Board v. Frazier*, 966 F.2d 812, 817 (3d Cir. 1992) and *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir. 1992)).

### III. DISCUSSION

Simon's Motion to Appoint Counsel is brought pursuant to the CJA, 18 U.S.C. § 3006A, which concerns the appointment of counsel in federal criminal proceedings. A court may appoint counsel for habeas proceedings under the CJA when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In habeas proceedings, "a court must appoint an attorney if necessary for effective discovery and if an evidentiary hearing is warranted, [but] appointment is otherwise discretionary." *Carter v. Fields*, No. 19-CV-5364 (PKC), 2020 U.S. Dist. LEXIS 179652, at *54 (E.D.N.Y. Sept. 29, 2020); *see also* Rules 6(a) and 8 of the Rules Governing Section 2254 Cases and Rules Governing Section 2255 Proceedings. Title 18 U.S.C. § 3006A also provides that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate [judge] or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c).

Simon recognizes that in the current context where "this Court sits as a court of appeals over the local level courts[,] what is 'ancillary' appears to be a matter of first impression in this Court (and also the Third Circuit)." (Dkt. No. 114 at 3 n.1). In this uncharted territory, Simon argues that this Court should appoint CJA counsel in the evidentiary hearing before the Superior

4

Court because such a proceeding qualifies as an "ancillary matter" given that the Third Circuit "required that the case be sent back to the trial court for a record remand" and thus, "such proceeding must be ancillary to this Court's determination of the merits of Simon's habeas petition." *Id.* at 2-3. Appellant also states that appointment of counsel is required in this case because an evidentiary hearing is to be held. *Id.* at 3 (citing Rule 8(c) of the Rules Governing Section 2254 Cases and Rules Governing Section 2255 Proceedings).

There are certain situations where courts have authorized federally-appointed counsel to represent a petitioner in state court proceedings. The Supreme Court in *Harbison v. Bell*, 556 U.S. 180 (2009) interpreted such a statute, 18 U.S.C. § 3599, which provides counsel for state and federal postconviction defendants "seeking to vacate or set aside a death sentence." *Harbison*, 556 U.S. at 184. Title 18 U.S.C. § 3599(e) provides that "each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings . . ., and all available post-conviction process . . . and proceedings for executive or other clemency as may be available to the defendant." The Supreme Court found that the text of the statute encompassed federally-funded representation at state clemency proceedings:

> [O]nce federally funded counsel is appointed to represent a state prisoner in § 2254 proceedings, she "shall also represent the defendant in such ... proceedings for executive or other clemency as may be available to the defendant." § 3599(e). Because state clemency proceedings are "available" to state petitioners who obtain representation pursuant to subsection (a)(2), the statutory language indicates that appointed counsel's authorized representation includes such proceedings.

*Id.* at 185-86. The Supreme Court also noted that "[p]ursuant to § 3599(e)'s provision that counsel may represent her client in 'other appropriate motions and procedures' a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation." *Id.* at 190 n.7; *see also In re Commonwealth's Motion to Appoint Counsel Against or Directed to Defender Ass'n of Phila.*, 790 F.3d 457, 462

5

(3d Cir. 2015) ("In some circumstances, a federal court can appoint counsel to represent a federal habeas corpus petitioner in state court for the purpose of exhausting state remedies before pursuing federal habeas relief." (citing *Harbison*, 556 U.S. at 190 n.7)). Following the Supreme Court's direction, courts have then decided whether pursuant to § 3599(e) courts may authorize federally-funded counsel to participate in various state proceedings. *See, e.g., Gary v. Georgia Diagnostic Prison*, 686 F.3d 1261, 1274-75 (11th Cir. 2012) ("§ 3599 does not provide for federally-funded counsel to assist . . . in pursuing a DNA motion . . . . A state court motion for DNA testing does not ordinarily follow the commencement of a federal habeas action and is, therefore, not a subsequent proceeding contemplated by § 3599(e), even when filed after the prisoner's federal habeas case has concluded."); *Battaglia v. Stephens*, 824 F.3d 470, 473-75 (5th Cir. 2016) (extending rationale of *Harbison* to state competency proceedings); *Mitchell v. Wetzel*, No. 11-CV-2063, 2013 WL 4194324, at *7 (E.D. Pa. Aug. 15, 2013) (declining to appoint federally-funded counsel to pursue exhaustion of the petitioner's state remedies).

Outside of the exception provided in *Harbison* for exhausting state remedies or pursuing other available proceedings in death penalty cases, courts have addressed whether federally-funded counsel may be appointed in state proceedings pursuant to the CJA. The CJA Guidelines state that when "determining whether a matter is ancillary to the proceedings, the court should consider whether the matter, or issues of law or fact in the matter, arose from, or are the same as or closely related to, the facts and circumstances surrounding the principal criminal charge." Guide to Judiciary Policy, § 210.20.30(b); *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012); *Said v. United States*, Criminal Action No. 2:10-cr-57-1, 2020 U.S. Dist. LEXIS 218262, at *9 (E.D. Va. Nov. 20, 2020). "The legislative history of subsection 3006A(c) suggests that

'ancillary matters' are limited to proceedings comprehended within the action for which the appointment was made." *In re Lindsey*, 875 F.2d 1502, 1508 (11th Cir. 1989).

Where courts have exercised their discretion to appoint federally-funded counsel to state proceedings pursuant to 18 U.S.C. § 3006A, it has usually been in the context of allowing habeas petitioners to *exhaust* their state remedies before pursuing their § 2254 federal remedies. *See, e.g., Starks v. Meisner*, No. 14-cv-844-jdp, 2017 U.S. Dist. LEXIS 175711, at *5 (W.D. Wis. Oct. 24, 2017) (staying federal case and appointing counsel to exhaust state remedies for § 2254 petitioner); *Harmon v. Adams*, No. 2:08-cv-1218 BJR, 2011 U.S. Dist. LEXIS 78124, at *4-5 (E.D. Cal. July 19, 2011) (authorizing limited use of CJA funds to allow § 2254 petitioner to exhaust his state remedies); *Geren v. Carey*, No. CIV S-05-1344 JKS GGH P, 2009 U.S. Dist. LEXIS 98312, at *15 (E.D. Cal. Oct. 9, 2009) (allowing CJA funds in a § 2254 case to exhaust state remedies because "granting funding to exhaust the state court proceeding will provide the momentum to move the case forward quickly and not perversely offend traditional notions of comity and federalism."). Courts have also considered whether other state proceedings are 'ancillary' to CJA appointments for federal proceedings. *See, e.g., Garcia*, 689 F.3d at 365 (holding that defendant's "challenge to a prior, unrelated conviction in a state court that could affect the sentence he receives on a new federal conviction is not an ancillary proceeding under Section 3006A(c)"); *In re Lindsey*, 875 F.2d at 1508-09 (denying petition to appoint a lawyer and a psychiatrist under 18 U.S.C. § 3006A in state collateral-review proceedings because in pursuing those state remedies, the defendant would "be neither 'seeking relief under' section 2254 nor pursuing 'ancillary matters' as those terms are used in section 3006A.").

In support of his contention that the Court should appoint counsel for the Superior Court proceeding under the circumstances here, Appellant cites *Johnson v. Kerestes*, Civil Action No.

7

13-3197, 2015 WL 2069216 (E.D. Pa. May 4, 2015). In *Johnson*, the court considered whether it could appoint counsel for a state prisoner seeking habeas relief pursuant to 28 U.S.C. § 2254 for purposes of exhausting his state claims. *Id.* at *4. Although acknowledging that the petitioner was not facing a sentence of death, the court followed the direction of *Harbison* in concluding that it had discretion to appoint counsel for state proceedings. Nonetheless, the court declined to exercise its discretion to authorize federal funding for petitioner to exhaust his state remedies. *Id.* at *8.

Unlike *Johnson*, *Harbison*, and other such courts which have considered whether to appoint federally-funded counsel in a state proceeding that bears some connection to a federal cause of action, this Court is sitting in its appellate capacity reviewing Appellant's *territorial* habeas claim that he brought pursuant to V.I. Code Ann. tit. 5, § 1314. (*See* Dkt. Nos. 89 at 2, 11; 102 at 10 (citing V.I. Code Ann. tit. 4, § 33; Revised Organic Act of 1984, § 23A, 48 U.S.C. § 1613a(a)); *see also* Dkt. No. 107-1 at 8 n.3 (noting that Appellant had previously filed a § 2254 habeas petition with the District Court of the Virgin Islands which was dismissed "for failure to exhaust remedies in the territorial courts.")). This context is, therefore, significantly different in that this is a territorial—not a federal—cause of action, that finds its way into federal court only by virtue of the fact that this Court previously served as the appellate court for territorial cases. Thus, cases arising in the *Harbison* and *Johnson* contexts are inapt.

Given the unique context in which this case arises, the Court finds nothing clearly erroneous in the Magistrate Judge's denial of CJA funds for representation at Appellant's evidentiary hearing in the Superior Court. It is an uncommon occurrence to have a federal court sit in an appellate capacity over a state or territorial court, and likely a situation not contemplated by the authors of 18 U.S.C. § 3006A. However, the undeniable fact is that the underlying action in this matter is an inherently local proceeding that has only come to federal court due to the unique

8

appellate capacity this Court exercised over local cases prior to January 29, 2007. *See Hypolite v. People*, 51 V.I. 97, 101 (2009) ("The Supreme Court officially assumed appellate jurisdiction over appeals from the Superior Court on January 29, 2007."). It is in this context that the case has been remanded to the Superior Court for an evidentiary hearing that the Third Circuit found should have been conducted in the first instance in this inherently local proceeding. There is no underlying federal criminal charge, and there is no federal habeas proceeding under § 2254 where it may be appropriate to appoint counsel to exhaust a state remedy to allow a federal proceeding to move forward. In pursuing his territorial habeas claim, Appellant would not have normally received federally-funded counsel for the Superior Court proceedings.[1] Indeed, as noted by Magistrate Judge Miller:

> The contemplated proceedings in the Superior Court are not, as Simon argues, "ancillary" to the matters in this Court. Indeed, it is the other way around. Simon's case only came to this Court in the first instance because at the time the District Court's "Appellate Division" acted as the first line of appeal from matters in the local courts.

(Dkt. No. 113 at 1-2). The Court agrees with the Magistrate Judge's conclusion that such a local proceeding is not an "ancillary matter" where the Court should appoint federally-funded counsel pursuant to the CJA for the Superior Court proceeding.[2]

The Court notes that the practice of courts appointing federally-funded counsel in local courts could raise significant federalism concerns, as such appointments can cause federal

---

[1] The Court notes that CJA counsel was appointed for Appellant in both the District Court and the Court of Appeals. (Dkt. Nos. 58, 81). However, the Court finds that this fact does not mean that the Court must, or should, appoint counsel for remand proceedings in the Superior Court. Indeed, if the evidentiary hearing had been conducted in the Superior Court in the first instance prior to the appeal, Appellant would not have been entitled to CJA counsel. There is no reason for a different result here.

[2] Appellant also states that this Court may appoint counsel under 28 U.S.C. § 1915. (Dkt. No. 114 at 3-4). However, Appellant has provided no legal authority for the proposition that § 1915 would allow the Court to appoint counsel in a Superior Court proceeding.

interference in local criminal matters. *See Gary*, 686 F.3d at 1278 ("The Supreme Court has explained on numerous occasions the importance of 'the fundamental policy against federal interference with state criminal prosecutions,' . . . and emphasized that 'the States' interest in administering their criminal justice systems free from federal interference' is a critical concern of federalism." (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971) and *Kelly v. Robinson*, 479 U.S. 36, 49 (1986))). Additionally, the logistics of implementing the CJA reimbursement system would require this Court to oversee the activities of counsel operating in the Superior Court. *See Gary*, 686 F.3d at 1278 ("Interference, or at least the appearance of interference, would be inevitable . . . including when a district court . . . reviews counsel's CJA 30 vouchers to determine the reasonableness of the requests for compensation."). Accordingly, care should be exercised such that neither the Court's interpretation of the language of the CJA statute nor the Court's exercise of discretion interferes with the states' legitimate control over matters within its jurisdiction.

Appellant additionally argues that "[i]t makes no sense that a habeas petitioner would be able to obtain court-appointed counsel in the context of a Section 2254 petition, but not under a habeas petition brought under Virgin Islands law that is being reviewed by this Court." (Dkt. No. 114 at 3). However, Appellant need not be without counsel in the proceedings in Superior Court. The Virgin Islands Superior Court has the discretion to appoint counsel for indigent petitioners seeking habeas relief. *See Alexander v. People of the Virgin Islands*, 65 V.I. 385, 393-94 (2016) (citing V.I. Code Ann. tit. 5, § 3524 and V.I. Code Ann. tit. 4, § 513(d)). The real issues here are who should be the appointing authority, and correspondingly from what source the funding for such representation should come. Because the underlying action is a matter of local Virgin Islands

law, and this is not a Section 2254 petition, the Court finds that this should not be a federal matter.[3] *See Johnson*, 2015 WL 2069216, at *8 ("[I]t would not be appropriate for this Court to exercise its discretion to authorize the [Federal Community Defender Organization ("FCDO")] to pursue Petitioner's state proceedings within the scope of its federally funded duties. Petitioner is entitled, under state law, to counsel who would assist in pursuing his PCRA petition and appeal and it is not 'appropriate' for this Court to direct the FCDO to litigate this action in place of a state-appointed counsel.").

## IV. CONCLUSION

In view of the foregoing, the Court finds that the Magistrate Judge's Order denying Appellant's Motion to Appoint Counsel is not clearly erroneous or contrary to law.[4]

Accordingly, it is hereby

**ORDERED** that Magistrate Judge Ruth Miller's Orders denying Appellant's request to appoint counsel (Dkt. Nos. 111, 113) are **AFFIRMED**; and it is further

**ORDERED** that Appellant's request for the Court to appoint counsel to represent him on remand to the Superior Court (Dkt. No. 114 at 4), pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, is **DENIED**; and it is further

---

[3] Appellant also cites Rule 8(c) of both the Rules Governing Section 2254 Cases and the Rules Governing Section 2255 Proceedings, which requires that: "If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." However, as noted, this is neither a Section 2254 nor a Section 2255 proceeding. Thus, these rules are not applicable to the instant matter.

[4] Even assuming that the Court were to review this matter *de novo*, or has discretion to appoint CJA counsel under the circumstances here, the Court would reach the same conclusion for the reasons discussed herein.

**ORDERED** that Appellant's Motions to Expedite Consideration (Dkt. Nos. 115, 116) are **DENIED AS MOOT**.

**SO ORDERED** this 2nd day of September 2021.

FOR THE COURT:

*Wilma A. Lewis* (signature)
Wilma A. Lewis
District Judge
District Court of the Virgin Islands